# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RAYMOND SUTTON** | **CIVIL ACTION NO. 2:10-cv-1118** |
| **LA. DOC# 503392** | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **WARDEN LYNN COOPER** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Raymond Sutton filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on June 28, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana.

Petitioner attacks his 2006 aggravated arson conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Background*

Petitioner pled guilty to a charge of aggravated arson on September 29, 2005, in the matter entitled *State of Louisiana v. Raymond Sutton*, Docket No. 15893-04 of the Fourteenth Judicial District Court, Calcasieu Parish. Doc. 1, att. 3, pp. 49-69. On October 18, 2006, he was sentenced to serve 15 years at hard labor. *Id.* at pp. 70-87. Petitioner's Motion to Reconsider

1

sentence filed on October 23, 2006 was denied on that same date. Petitioner appealed to the Third Circuit Court of Appeals arguing excessiveness of sentence.[1] On May 30, 2007 his conviction and sentence were affirmed. *State v. Sutton*, 958 So.2d 156 (La. 3d Cir. 2007). Petitioner did not seek further direct review in the Louisiana Supreme Court.

On October 1, 2008, petitioner filed a *pro se* application for post-conviction relief in the Fourteenth Judicial District Court raising a single claim of ineffective assistance of counsel. Doc. 1, att. 3, pp. 5-31. On December 5, 2008, his application was denied by the trial court. *Id.* at p. 4. On February 3, 2009, petitioner filed an application for writs in the Third Circuit Court of Appeal. *Id.* at pp. 32-39. On June 17, 2009, the Third Circuit denied writs. *Id.* at p. 3. On July 14, 2009, petitioner filed a *pro se* writ application in the Louisiana Supreme Court. *Id.* at pp. 40-48. His writ application was denied without comment by the Supreme Court on May 21, 2010. *State ex rel. Sutton v. State*, 36 So.3d 222 (La. 2010).

Petitioner signed and mailed his federal *habeas* petition on June 25, 2010, and it was received and filed on June 28, 2010. Doc. 1. On September 14, 2010, he filed an Amended Brief in which he conceded that the instant petition was not filed within the period of limitations established by 28 U.S.C. § 2244(d), but that it should nevertheless be considered on the merits because petitioner claimed to be able to demonstrate "cause and prejudice" for his default and that "a fundamental miscarriage of justice" would occur absent a ruling on the merits of his ineffective assistance of counsel claim. Doc. 8. More specifically, petitioner implied that since

---

[1] According to the Third Circuit's unpublished opinion, petitioner argued a "bare" claim of excessiveness of sentence in his motion to reconsider sentence in the trial court. Thereafter, on appeal, he argued that the sentence was excessive because "the residence was unoccupied at the time of the fire" and therefore petitioner was guilty of simple arson and not aggravated arson. The Court rejected his assignment of error as argued noting that petitioner "entered a guilty plea to aggravated arson and conceded that the trailer was a residence." Ultimately, the Court affirmed the sentence having determined that "the trial court carefully considered the nature of both the offense and the offender, in formulating the sentence."

his state application for post-conviction relief was filed within the two year period of limitations set by Louisiana law, it was therefore properly filed and sufficient to toll limitations pursuant to § 2244(d)(2).

With regard to his "cause and prejudice" argument, petitioner maintained that the cause of his current dilemma was appellate counsel's failure to file a timely application for *certiorari* on direct appeal, and his failure to discover and realize the existence of his ineffective assistance of trial counsel claim until he was, on some unspecified date, transferred to a Department of Corrections facility where inmate-counsel advised him of the claim. He argued that he can establish prejudice because he is actually innocent of aggravated arson and guilty only of simple arson. He made essentially the same argument with regard to his miscarriage of justice claim. Doc. 8.

*Law and Analysis*

1. *Limitations – 28 U.S.C. §2244(d)(1)(A)*

Petitioner is correct in his observation that his petition for *habeas corpus* is time-barred. As he is aware, 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] Petitioner does not suggest that any state created impediments prevented the filing of the petition. Further, petitioner does not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, the factual predicate of petitioner's ineffective assistance of counsel claim was not "recently discovered." Therefore, petitioner cannot rely on the statutory tolling

3

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)), and, of course, the limitations period is tolled only for as long as the state application remains pending in state court. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his sentence to the Third Circuit Court of Appeals. The Court of Appeals affirmed his conviction and sentence on May 30, 2007. *Louisiana v. Sutton*, 958 So.2d 156 (La. App. Ct. 2007). By his own admission, petitioner did not seek further direct review in the Louisiana Supreme Court. Doc. 1; doc. 8, p. 2. Therefore, petitioner's judgment of conviction "became final by . . . expiration of the time for seeking [further direct] review" under 28 U.S.C. § 2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on June 29, 2007.[3]

Thereafter, petitioner had one year, or until June 29, 2008 to file his federal *habeas corpus* petition. Contrary to his assertions, he may not rely upon the statutory tolling provision

---

provisions in 28 U.S.C. § 2244(d)(1)(B)-(D).

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Third Circuit's opinion was rendered on May 30, 2007, it is presumed that the Third Circuit followed its own rule and mailed the opinion to

4

of 28 U.S.C. §2244(d)(2) because, by the time he filed his otherwise timely application for post-conviction relief on October 1, 2008 [doc. 1, att. 3, pp. 32-39] the 1-year period of limitations had already expired and could not be revived. *See Villegas,* 184 F.3d at 472 ("[A]ny time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed <u>must be counted against the one year period of limitation</u>.") (emphasis added).

   2. *Cause and Prejudice and Miscarriage of Justice*

Petitioner argues that notwithstanding the untimely filing of his federal *habeas corpus* petition, this court should reach the merits of his ineffective assistance of counsel claim because he has shown cause and prejudice for his default and has demonstrated that a miscarriage of justice will arise should the court fail to pass on the merits of the claim.

Petitioner is mistaken in his assumption that a showing of cause/prejudice or a miscarriage of justice will permit a federal court to reach the merits of a time-barred *habeas corpus* claim. A showing of cause/prejudice or miscarriage of justice will permit a federal *habeas* court to reach the merits of federal constitutional claims that were procedurally defaulted in the State court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (state procedural default will be excused if the petitioner can show either cause and prejudice for his procedural default or that failure to consider the claim will result in a fundamental miscarriage of justice). However, such a showing does not provide the basis for overcoming the AEDPA time-bar. *Cf. Ford v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (rejecting "actual innocence" as a means of tolling the AEDPA limitation period). Under the AEDPA, time-barred *habeas* claims may be addressed, but only if the *habeas* petitioner demonstrates that he is entitled to statutory tolling as provided in

---

appellate counsel on that day. The 30-day period of limitations prescribed by Rule X expired on June 29, 2007.

5

28 U.S.C. §2244(d)(1)(B)-(D), § 2244(d)(2), or equitable tolling of the limitations period as established by the jurisprudence..

As has been shown above, this petition does not allege the presence of state created impediments to filing, newly discovered facts, nor a recent Supreme Court case announcing a new and retroactively applied rule of law . *See supra* note 2. Further, as noted above, petitioner cannot rely upon the tolling provisions of § 2244(d)(2) because the AEDPA limitations period had already expired when he filed his state post-conviction proceeding. In short, petitioner may not rely on the benefits of statutory tolling and therefore, this court may reach the merits of his ineffective assistance of counsel claim only if petitioner may demonstrate that he is entitled to the benefits of equitable tolling.

### 3. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that he is entitled to a review of the merits of his ineffective assistance of counsel claim because he is actually innocent of the charge of conviction. While actual innocence cannot be a "stand-alone" constitutional claim, if established, it may provide the "gateway" by which otherwise barred claims may be considered on the merits to avoid a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995). However, as previously noted, the "fundamental miscarriage of justice" principle operates to permit review of the merits of procedurally defaulted claims. *Coleman*, 501 U.S. at 750.

In order to establish entitlement to the "fundamental miscarriage of justice" exception, a federal *habeas* petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of some new evidence. *Schlup*, 513 U.S. at 327. However, with regard to the instant case, there simply is no "miscarriage of justice" or "actual innocence" exception set forth in § 2244(d) and no authority for its application as an extra-statutory exception. *See Ford v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (stating that the "best evidence that Congress did not intend such an exception is that it simply is not there"). In addition, the Fifth Circuit has on numerous occasions rejected "actual innocence" as a ground for equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002) (citing *Cousin*, 310 F.3d at 849) (claims of actual innocence not relevant to timeliness of petition under 28 U.S.C. § 2255).

Further, to the extent that petitioner faults the adequacy of the law library or legal programs at the facilities where he was incarcerated in prior to being transferred to Department of Corrections, he fails to state a valid ground for equitable tolling. *See Felder*, 204 F.3d at 171 n.9 (in order to be entitled to equitable tolling, the petitioner must show that the lack of adequate

legal materials actually prevented him from timely filing his *habeas* petition.)

Likewise, the failure of his court-appointed appellate counsel to seek *certiorari* on direct review did not prevent petitioner from timely filing the instant petition. It appears that petitioner relied upon the mistaken notion that since his state post-conviction was filed within the limitations period established by Louisiana law, the timely filing of that application would somehow thereafter render his federal petition timely. However, ignorance of the law does not provide the basis for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.1999).

Petitioner has presented neither appropriate evidence nor cogent argument to warrant equitable tolling of the AEDPA statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Equitable tolling does not apply.

*Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R.**

**CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**

THUS DONE this 24th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE